13-4379
Kavshbaia v. Lynch

BIA
A073 637 401

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

BESIK KAVSHBAIA,
> *Petitioner,*

v.                                                13-4379
                                                  NAC
LORETTA E. LYNCH,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Michael E. Piston, New York, NY.

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse Lloyd Busen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Besik Kavshbaia, a native and citizen of Georgia, seeks review of an October 17, 2013 decision of the BIA denying his untimely motion to reopen. *In re Besik Kavshbaia,* No. A073 637 401 (B.I.A. Oct. 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and is permitted to file only one such motion. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kavshbaia's motion to reopen, filed in June 2013, was untimely because his order of removal

2

became final in 2002.  *See* 8 U.S.C. § 1101(a)(47)(B)(i). Petitioner contends, however, that ineffective assistance of counsel excuses his late filing.

The applicable time limitation on motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel.  *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008).  The movant must demonstrate "due diligence" in pursuing a claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *Id.* at 132.  "[T]here is no period of time which . . . is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable."  *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not err in finding that Kavshbaia had not acted with due diligence.  Of greatest import here, Kavshbaia waited some amount of time, between seven and nineteen months, to speak with a new lawyer after learning of the BIA's 2002 decision.  There were two additional lengthy periods, one from 2003 until 2008 and a second from

3

2008 through 2013, in which Kavshbaia did not seek advice from counsel. Based on the foregoing, the BIA's finding that Kavshbaia failed to exercise due diligence was not an abuse of discretion.

Because the BIA did not err in denying the motion to reopen as untimely, we decline to consider Kavshbaia's challenge to the BIA's alternative conclusion that he did not show that he was prejudiced by his prior counsel's ineffective assistance. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4